(December 3, 1901.)

## KIER v. HILL.

### [66 Pac. 931.]

EVIDENCE—HEARSAY.—The declaration of one who purchases mortgaged property made to a third party to the effect that the debt secured by such mortgage has been paid, is not competent evidence against the owner and holder of the mortgage debt when such declaration is made in his absence.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

Hawley & Puckett, for Appellants.

We urge that Mr. Halveston's testimony was proper, and the objections thereto were not well taken. Plaintiff's deposition shows that he regarded Pierce as his agent in this whole matter; he states in answer to the second interrogatory of his deposition that he received the note and mortgage in question from Pierce and gave him as consideration therefor the sum of $1500. The respondent must, we urge, if this evidence of Kier is taken, be considered as the agent of the latter in this matter, so far as permitting his statements in regard thereto to be given in evidence. It matters not what the truth of the matter may be, so far as the agency is concerned, or what

appellant's theory of his connection with the matter is, we can, if the evidence of the plaintiff shows him to have been an agent of the plaintiff, then introduce his statements testified to by Halveston, as they were statements made during the continuance of his authority, and within its scope, and such statements would be competent evidence against his principal. (1 Am. & Eng. Ency. of Law, 697.)

J. H. Richards and C. C. Cavanah, for Respondent.

The testimony of Halveston and Teters should not have been admitted, or, if admitted should have been stricken out on respondent's motion. It did not appear that any effort had been made to secure the attendance or depositions of Parish and Pierce, or that it was impossible to secure their attendance or depositions. That hearsay evidence of declarations made by Parish and Pierce in favor of their own interest and for the purpose of contradicting a written instrument, should be excluded, is so well settled that we need cite but few authorities: 15 Am. & Eng. Ency. of Law, 310, and cases there cited; *Rogers v. Schulenburg,* 111 Cal. 281, 43 Pac. 899; *Gore v. Canada Life etc. Co.,* 119 Mich. 136, 77 N. W. 650; *Gentry v. Field,* 143 Mo. 399, 45 S. W. 286; *Norfolk Ry. Co. v. Reeves,* 97 Va. 284, 33 S. E. 606; *Shamp v. White,* 106 Cal. 220, 39 Pac. 526, 537; *Walton v. Cheseborough,* 57 N. Y. Supp. 687, 39 App. Div. 665; *Eyermann v. Piron,* 151 Mo. 107, 52 S. W. 229; *Gulf etc. Ry. Co. v. Bough* (Tex. Civ.), 42 S. W. 245; Greenleaf on Evidence, sec. 149; Abbott's Trial Evidence, 799.

QUARLES, C. J.—This action was commenced in the district court by the respondent, as plaintiff, to recover a debt secured by a mortgage executed by one J. C. Hill, mortgaging the Friday mining claim as security for a note given by said Hill to J. S. D. Manville and R. F. Cooke, December 24, 1896, for the sum of $500, and which note and mortgage were afterward assigned to the respondent. The cause was submitted to the court upon the evidence of both parties. The findings of the court were made in favor of the plaintiff, and judgment

therefor entered, granting the relief demanded by respondent in his complaint. Appellants moved for a new trial, principally upon the ground that the evidence was not sufficient to sustain the findings and judgment of the court; but this motion was denied, and appellants appeal from the judgment, and also from the order denying a new trial.

At the trial, the mortgage and note were introduced in evidence without objection, and also the deposition of the plaintiff, taken in St. Louis, was read, in which plaintiff testified that he received the said note and mortgage from one C. L. Pierce, in consideration for money loaned by him to said Pierce, to wit, the sum of $1500, at the time he received the mortgage. Plaintiff testified that neither said mortgage and note nor any part thereof had ever been paid. It will thus be seen that the plaintiff made out his case *prima facie.* The answer put in issue the execution of the note and mortgage, and also averred as an affirmative defense payment of said mortgage debt. It appears that at the time the note and mortgage were executed said Hill was then the owner of said mining claim; that he afterward conveyed the same to appellant Thomas A. Parish; that afterward one F. F. Teters commenced suit against said Parish, N. J. Sorenson, and C. L. Pierce to recover a debt for services rendered the said Hill upon the said mining claim, and assumed by said Parish, Pierce, and Sorenson, in which suit said Teters obtained judgment and caused execution to be issued thereon and levied upon the said mining claim, which was purchased under said execution sale by the said execution plaintiff, Teters; and that said Teters assigned the certificate of purchase therefor to the appellant Van Buren, who acquired from the sheriff of Boise county a sheriff's deed therefor. On behalf of the defense T. J. Jones was introduced as a witness, who testified that the original mortgagees, Manville and Cooke, met him in April, 1899, and notified him that the said mortgage debt must be paid, or that they would foreclose, and that he notified C. L. Pierce; that afterward said Pierce informed him that he had some money belonging to the plaintiff Kier, and asked him (the witness) to prepare an assignment of the

mortgage and note to Kier, which being done the said Pierce gave to him for the original mortagees the sum of $515, principal and interest, and he turned over to said Pierce the said assignment of the note and mortgage executed by Manville and Cooke. On behalf of the defense T. J. Halveston was called and sworn as a witness, who testified that he had a conversation with said Pierce, Parish, and Sorenson, in the spring of 1899, and that in said conversation he was told by said Pierce that the mortgage note had been paid by him with funds belonging to himself, Parish, and Sorenson.

This evidence was admitted over the objection of the plaintiff on the ground that the same was hearsay and incompetent. The trial court admitted this evidence, stating at the time that it was the opinion of the court that the same was incompetent, and in making findings of fact the learned trial judge below evidently treated such evidence as incompetent. In this the trial court was correct. There is nothing in the evidence showing that the plaintiff Kier took said note and mortgage with any notice or knowledge whatever that the same had been paid. The evidence shows that his money satisfied the original mortgagees, who assigned the mortgage note to him. The evidence shows, as he himself testified, without contradiction, that he paid $1500 for this $500 note and mortgage. He was not present at the conversation between Pierce, Parish, and Sorenson, on the one hand, and the witness Halveston, on the other. The evidence of the witness Halveston was hearsay, and should not have been admitted; the conversation being in the absence of plaintiff. That there was some unfair conduct upon the part of said Parish there is no question; but the mortgage in question was on record, and the appellant Van Buren purchased the said mining claim with notice thereof, and equity does not demand that the innocent purchaser of said note and mortgage should suffer the loss thereof under the circumstances shown by the evidence introduced at the trial.

Finding no error in the record, the judgment and order denying a new trial are affirmed, with costs to the respondent.

Sullivan and Stockslager, JJ., concur.