(May 5, 1917.)

STATE, Respondent, v. A. G. BUTTERFIELD, Appellant.

[165 Pac. 218.]

PUBLIC RANGE—CATTLE—SHEEP—CUSTOM AND USAGE.

1. Under sec. 6872, Rev. Codes, if the usual and customary use of a range has been for cattle, it is a cattle range.

2. If the usual and customary use of a range has been for both cattle and sheep, it is not a cattle range under said section, but a cattle and sheep range.

3. The exclusive right of cattlemen as against sheepmen to the use of certain range which has first been occupied by the cattlemen

may be abandoned by their act in entirely ceasing to use said range, or by permitting the customary use of it for sheep in common with cattle, without protest, or asserting an exclusive right.

4. If cattlemen and sheepmen jointly use the range in the usual and customary manner of using it for a period of time long enough to create a custom, if the cattlemen know of such joint use and do not protest against it nor claim a prior and exclusive right to the same, then the herding or grazing of sheep upon such range is not unlawful, even though it be a fact that before such customary joint use for both sheep and cattle, the land was used exclusively for cattle.

5. The evidence in this case held insufficient to justify a verdict of guilty of grazing sheep upon a cattle range.

6. Proof of customary use of a range for both cattle and sheep in common is proper evidence to consider in determining whether such range has been abandoned as a cattle range, and an instruction to this effect, requested by defendant, should have been given by the trial court.

7. *Held*, that said sec. 6872, Rev. Codes, is not unconstitutional and void. *State v. Horn*, 27 Ida. 782, 152 Pac. 275, and *State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280, approved and upheld.

[As to implied contract to pay rent for use of another's land for grazing cattle, see note in Ann. Cas. 1912C, 1147.]

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Ed. L. Bryan, Judge.

Defendant was convicted of having violated sec. 6872, Rev. Codes, by herding, grazing and pasturing sheep upon a cattle range. *Reversed*.

Alfred A. Fraser and E. R. Coulter, for Appellant.

The statute is so ambiguous and uncertain as to render it void. (*Louisville & N. R. Co. v. Railroad Commission*, 19 Fed. 679; *Jannin v. State*, 42 Tex. Cr. 631, 96 Am. St. 821, 51 S. W. 1126, 62 S. W. 419, 53 L. R. A. 349; *Louisville & Nashville R. R. Co. v. Commonwealth*, 99 Ky. 132, 59 Am. St. 457, 35 S. W. 129, 33 L. R. A. 209; *Chicago & N. W. Ry. v. Dey*, 35 Fed. 866, 1 L. R. A. 744; *Ex parte Jackson*, 45 Ark. 158.)

The police power of the state has its limitations, and in order to be valid, the law must be founded upon some reason

recognized as coming within the police power. (*Lawton v. Steele,* 152 U. S. 133, 14 Sup. Ct. 499, 38 L. ed. 385.)

Again, this statute is void for uncertainty, in that it fails to define a cattle range or fix the boundaries thereof. (*Holcomb v. Keliher,* 5 S. D. 438, 59 N. W. 227.)

If the court should attempt to give a definition upon this question, and therefore aid out this indefinite statute, it would be judicial legislation, and the crime would then be defined by the court and not by the statute. (*Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. ed. 220.)

Sec. 6872, Rev. Codes of Idaho, is in direct conflict with the act of Congress of Feb. 25, 1885, and therefore null and void. (*McGinnis v. Friedman,* 2 Ida. 393, 17 Pac. 635; *United States v. Douglas-Willan Sartoris Co.,* 3 Wyo. 287, 22 Pac. 92.)

T. A. Walters, Atty. Gen., and Lot L. Feltham, for Respondent.

The statute has been held constitutional, and has been enforced. (*State v. Horn,* 27 Ida. 782, 152 Pac. 275; *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280.)

McCARTHY, District Judge.—This case was commenced in the probate court of Washington county, upon a complaint charging the defendant with a violation of the provisions of sec. 6872, Rev. Codes. Upon the trial in said court the defendant was found guilty as charged in the complaint and an appeal was taken from the judgment to the district court for Washington county. Upon the trial in the district court the defendant was again found guilty and the court sentenced him to pay a fine of $25 and the costs of the action. The appeal herein is from said judgment of the district court.

The principal assignments of error relied upon by appellant, are:

First, that the court erred in refusing to give certain instructions which were requested by him;

Second, that the evidence is insufficient to justify the verdict; and,

Third, that the statute upon which the prosecution is based is unconstitutional and void.

The complaint alleges that the defendant herded, grazed and pastured, and permitted and suffered a band of sheep to be herded, grazed and pastured on the range in question, said range being then and there cattle range previously occupied by cattle, and range then and there usually occupied by cattle-growers, the said defendant having full knowledge of the character of said range.

It is stipulated by and between the parties that the tract of land or range mentioned in the complaint has ever since the year 1885 been used both as a cattle and sheep range in the usual and customary use of such range as a cattle or sheep range. The defendant was convicted of permitting and suffering sheep to be herded, grazed and pastured upon said range. The case was prosecuted under the provisions of sec. 6872, Rev. Codes, which reads as follows:

"Any person owning or having charge of sheep, who herds, grazes, or pastures the same, or permits or suffers the same to be herded, grazed or pastured on any cattle range previously occupied by cattle, or upon any range usually occupied by any cattle grower, either as a spring, summer or winter range for his cattle, is guilty of a misdemeanor; but the priority of possessory right between cattle and sheep owners to any range, is determined by the priority in the usual and customary use of such range, either as a cattle or sheep range."

There is evidence in the record to the effect that the range was first used for horses and cattle in 1874, and has been used continuously for horses and cattle ever since. The evidence shows that sheep came upon the range about 1885. There is evidence that since 1890 the defendant himself has ranged sheep upon the range in question. The stipulation is to the effect that ever since 1885 sheep have ranged upon it in the usual and customary use of it as a sheep range. No protest on the part of the cattlemen and no claim of exclusive right on their part is shown in the evidence up to within a few days prior to the commencement of this action.

The defendant requested several instructions on the question of abandonment, among others the following:

"The jury are instructed that if you find from the evidence that continuously since the year 1885 the range or tract of land mentioned in the complaint has been jointly used both as a cattle and sheep range in the usual and customary use of such range, then you should take this fact into consideration upon the question as to whether or not such range had been abandoned as an exclusive cattle range."

This and all other instructions on that question requested by the defendant were refused by the trial court. The trial court instructed the jury upon the question of abandonment, saying that the state must show that the range had not been abandoned as a cattle range, and that if the evidence proved that it had been abandoned as a cattle range, the verdict must be for the defendant. The trial court did not define in its instructions what is meant by the word "abandonment" as used in this action. In the case of *State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280, this court apparently recognizes the defense of abandonment in this class of cases, saying in substance that the state must show that the range had not been abandoned as a cattle range. The defense of abandonment was not made in that case, and therefore the court did not enter into a detailed discussion of that subject. The trial court in this case followed substantially the language used by the supreme court in *State v. Omaechevviaria, supra.* However, in the present case the defense of abandonment was specifically raised by the defendant and the evidence produced makes it necessary to treat specifically of that question.

The statute says that "priority of possessory right . . . . is determined by the priority in the usual and customary use of the range." If the usual and customary use of the range has been for cattle, then it is cattle range. If the usual and customary use of the range has been for sheep, then it is not a cattle range. If the usual and customary use of such land has been by both cattle and sheep, then it is not a cattle range, but a cattle and sheep range. It is the contention of the state in this case that if the range is first used for cattle, then the

joint use of the range by cattle and sheep for a period of time, however long, will not divest it of its character as a cattle range. The state contends that the defense of abandonment does not apply unless the cattlemen absolutely and entirely cease to use the range for cattle. The first part of sec. 6872 may seem to give some color to this contention. The last part of it, however, seems to be against this contention. If the priority of possessory right depends upon the usual and customary use of the range, and the range has been used for a time long enough to create a custom by both cattlemen and sheepmen, without any protest on the part of the cattlemen, then it would seem that the usual and customary use of that range is a joint use by both sheep and cattle. The right which is given the cattlemen by this statute is an exclusive right as against sheepmen to certain range which they first use for cattle. The term "cattle range," as used in this statute, means an exclusive cattle range. If the exclusive right can be abandoned by the act of the cattlemen in entirely ceasing to use the range, it seems to us that it can also be abandoned by them by permitting the customary grazing of sheep upon the land in common with the cattle without protest. Evidence tending to show that they had permitted the sheepmen to use said range jointly with them since 1885, without protest, is therefore evidence tending to show that said range had been abandoned as a cattle range. If cattlemen and sheepmen jointly use the range in the usual and customary manner of using it for a period of time long enough to create a custom, if the cattlemen know of such joint use and do not protest against such use of the range for sheep, nor claim a prior and exclusive right to the same, then the herding or grazing of sheep upon such range is not unlawful, even though it be a fact that before such customary joint use for both sheep and cattle, the land was used exclusively for cattle. We therefore think that the court should have given to the jury the instruction requested by the defendant and quoted above, to the effect that they might take proof of the joint use of the range into consideration in determining

whether or not the cattlemen had abandoned their claim to the range as a cattle range.

Counsel for respondent, in their brief, contend that to recognize the defense above mentioned would be tantamount to recognizing adverse possession as a defense and would be tantamount to holding that the sheepmen, by committing trespasses in the past, have acquired a license to commit crime. The defense of adverse possession as such does not apply, nor is it to be conceded for one moment that anyone can acquire the right to commit crime by reason of having committed it in the past. The point is that under this particular statute the question of whether a man is committing a crime by herding his sheep upon a certain range depends upon the character of that range. The character of the range, in turn, depends upon the past acts and attitude of cattlemen and sheepmen in regard to it. The act of the defendant himself, among others, may thus tend to prove the character of the range.

The question of abandonment is, in the first instance, a question of fact for the jury. In our judgment, however, the uncontradicted evidence and the stipulation as to a customary joint use from 1885 until May, 1916, without protest, establishes an abandonment of the range as a cattle range within the meaning of that term as used in the statute. We therefore conclude that the evidence is insufficient to support the verdict of guilty and the judgment of conviction based thereon.

So far as the constitutional questions raised in this case are concerned, they were passed upon by this court in *State v. Horn,* 27 Ida. 782, 152 Pac. 275, and *State v. Omaechevviaria, supra.* While the questions involved are close, this court does not see fit to overrule those decisions.

The judgment of conviction is reversed and the case is remanded to the trial court, with direction to take such future action as may appear proper in view of this decision.

Morgan and Rice, JJ., concur.