(October 11, 1919.)

## STATE, Respondent, v. GEORGE ASKEW, Appellant.

[184 Pac. 473.]

CRIMINAL LAW—INFORMATION — SUFFICIENCY OF THE EVIDENCE—WITNESSES—EVIDENCE..

1. An information in a criminal action, charging that the defendant "did then and there wilfully, unlawfully, feloniously, and with premeditation and malice aforethought, kill and murder one George T. Parks, a human being," is sufficient to charge the crime of murder.

2. Where there is substantial evidence to support the verdict, the judgment based thereon will not be reversed on appeal.

3. Though the action of the trial court in sustaining objection to a question asked a witness on cross-examination is erroneous, the judgment will not for that reason be reversed where it appears that the action of the court did not prejudice the substantial rights of appellant.

4. The statutory method of impeaching a witness must be followed.

[As to definition of murder, see note in 134 Am. St. 727.]

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. Edward A. Walters, Presiding Judge.

Defendant was convicted of voluntary manslaughter. Appeal from the judgment and order denying motion for a new trial. *Affirmed.*

Perky & Brinck and Arthur W. Holden, for Appellant.

It is error to reject evidence tending to show bias or prejudice of a witness. (*State v. Crea*, 10 Ida. 88, 76 Pac. 1013; *State v. Krum*, 32 Kan. 372, 4 Pac. 621; 40 Cyc. 2667.)

It is reversible error for the court to comment on the evidence. (*McKissick v. Oregon etc. R. Co.*, 13 Ida. 195, 89 Pac. 629; *State v. Fowler*, 13 Ida. 317, 89 Pac. 757; *Smartt v. State*, 112 Tenn. 539, 80 S. W. 586.)

The occupation, manner and place of living, etc., of a witness may be fully inquired into as bearing on his credibility. (*State v. Fong Loon*, 29 Ida. 248, 257, 158 Pac. 233, L. R. A. 1916F, 1198.)

An information or indictment for homicide should specify in general terms the manner and means of the killing. (3 Bishop's New Crim. Proc., 2d ed. 514; *People v. Aro*, 6 Cal. 207, 65 Am. Dec. 503; *People v. Wallace*, 9 Cal. 30; *People v. Dolan*, 9 Cal. 576, 577; *Commonwealth v. Howard*, 205 Mass. 128, 91 N. E. 397, 401; *Carr v. State*, 80 Tex. Cr. 465, 190 S. W. 727; *People v. Lukoszus*, 242 Ill. 101, 89 N. E. 749, 751; *Barrentine v. State*, 72 Fla. 1, 72 So. 280; *Edwards v. State*, 27 Ark. 493; *Haney v. State*, 34 Ark. 263; *State v. O'Neil*, 51 Kan. 651, 33 Pac. 287, 24 L. R. A. 555; *State v. Regan*, 8 Wash. 506, 36 Pac. 472; *State v. Anderson*, 30 Wash. 14, 70 Pac. 104; *Littell v. State*, 133 Ind. 577, 33 N. E. 417; 1 Bishop, Crim. Proc., 599, 600; 10 Am. & Eng. Ency. of Law, 522; *State v. Jenkins*, 14 Rich. (S. C.) 215, 94 Am. Dec. 132; 3 Bishop, New Crim. Proc., 2d ed., 514.)

R. L. Black, Attorney General, A. F. Stone, Assistant, and A. C. Cordon, for Respondent.

Whenever there is substantial evidence to support the verdict, the same shall not be set aside. (Sec. 4824, C. L.; *State v. Downing*, 23 Ida. 540, 130 Pac. 461; *State v. Silva*, 21 Ida. 247, 120 Pac. 835; *State v. Mox Mox*, 28 Ida. 176, 152 Pac. 802; *State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Williams*, 12 Ida. 483, 86 Pac. 53; *State v. Ireland*, 9 Ida. 686,

75 Pac. 257; *State v. Steen*, 29 Ida. 337, 158 Pac. 499; *State v. Collett*, 9 Ida. 608, 75 Pac. 271.)

It must affirmatively appear that error has worked a substantial prejudice to the defendant, or it will be deemed harmless and not reversible. (Secs. 8070, 8236, C. L.; *State v. Ward*, 31 Ida. 419, 422, 173 Pac. 497; *State v. Marren*, 17 Ida. 766, 107 Pac. 993; *Territory v. Neilson*, 2 Ida. 614, 23 Pac. 537.)

Limiting of cross-examination is not ground for reversal where such limitation does not prejudice the defendant; particularly where the fact sought to be elicited is sufficiently shown by other evidence. (17 C. J. 313; *People v. Ho Kim You*, 24 Cal. App. 451, 141 Pac. 950; *Cina v. United States*, 191 Fed. 718, 112 C. C. A. 308; *People v. Deatrick*, 30 Cal. App. 507, 159 Pac. 175; *People v. Kilfoil*, 27 Cal. App. 29, 148 Pac. 812.)

Particular wrongful acts cannot be shown for the purpose of impeaching the credibility of a witness. (Sec. 6082, C. L.; *State v. Anthony*, 6 Ida. 383, 55 Pac. 884; *State v. Hammock*, 18 Ida. 424, 110 Pac. 169; *State v. Henderson*, 19 Ida. 524, 114 Pac. 30.)

An information charging homicide is not required to state the means by which the killing is accomplished. (*State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690.)

RICE, J.—By the information in this case the appellant was charged with the crime of murder, committed jointly with his son, Albert W. Askew, and his daughter, Mary A. Parks. The jury which tried the case returned a verdict acquitting the son and daughter of appellant, and finding appellant guilty of the crime of voluntary manslaughter. From the judgment of conviction, and from the order of the court overruling appellant's motion for a new trial, this appeal is taken.

It is contended that the information, which is similar in form to that upheld by this court in the case of *State v. Lundhigh*, 30 Ida. 365, 164 Pac. 690, is insufficient in that

it fails to state facts constituting a public offense. We are urged to reconsider the question of the sufficiency of the information. The information in this case differs from that under consideration in the Lundhigh case in that in the instant case the information charges that the crime was committed with premeditation.

After a reconsideration of the matter involved, and a careful consideration of the authorities relied upon by appellant in his brief, we are constrained to adhere to the rule announced by the majority of the court in the Lundhigh case.

It is insisted further that the evidence shows that appellant acted solely in self-defense when he shot the deceased, and therefore fails to show that he was guilty of the crime of voluntary manslaughter, or of any crime.

The deceased was killed in a room in a dwelling-house. The only eye-witnesses to the killing were the three defendants in the case. Two other persons were in an adjoining room in the house at the time, and testified at the trial. There seems to be no necessity for reciting at length the testimony of the witnesses as to the facts and circumstances connected with the killing. The jury was entitled to consider all the facts and circumstances testified to by other witnesses in the case in connection with the narrative given by appellant on the stand, and when all the testimony is considered, there is substantial evidence in the record to sustain the verdict of the jury.

The same question was presented to the trial court in considering the motion for a new trial. The trial court has greater latitude in its consideration of the weight and sufficiency of the evidence when the question is raised on motion for a new trial than has this court when the matter is presented on an appeal from the judgment, or from an order overruling motion for a new trial.

Where there is substantial evidence to support the verdict and judgment, the appellate court will not reverse the judgment. (*State v. Steen,* 29 Ida. 337, 158 Pac. 499.)

The deceased was the husband of the defendant, Mary Parks. It appears that he had leased the premises which had

been occupied by himself and wife, including the dwelling-house, to one J. W. Cromwell; that on the forenoon of the day on which the killing occurred, Cromwell came to the dwelling-house, bringing his household furniture, for the purpose of moving into the dwelling-house; that an altercation arose between the deceased and his wife, Mary Parks, she demanding that Cromwell refrain from bringing his furniture into the house, and the deceased ordering him to bring the furniture in. Cromwell was a witness in the case, and testified as to the difficulty that occurred between the husband and the wife at that time. Appellant assigns as error the action of the court in sustaining the state's objection to the following questions asked witness Cromwell on cross-examination:

"Q. Now, in the light of that controversy between the husband and wife, you chose to take the side of the husband and move in against her will. Is not that correct?"

"Q. And you willingly obeyed them, did you not?"

The last question referred to orders by the deceased to the witness to move in.

In a criminal case, it is proper to show the relations of a witness with or his feeling toward a defendant, or the victim' of the alleged crime, or the prosecuting witness, or the inquiry may extend to particular facts tending to show his hostility toward or his bias or prejudice for or against such persons. (40 Cyc. 2667.)

But the action of the court in sustaining the objections to these questions was not prejudicial to appellant. The witness elsewhere in his testimony stated that he was on friendly terms with deceased all the time.

It appearing that the erroneous action of the court did not prejudice the substantial rights of appellant, the judgment will not for that reason be reversed. (C. L., sec. 8070; *State v. Gruber,* 19 Ida. 692, 115 Pac. 1; *State v. Moon,* 20 Ida. 202, Ann. Cas. 1913A, 727, 117 Pac. 757.)

Appellant assigns as error the action of the court in sustaining the state's objection to the following question asked witness George Cromwell on cross-examination:

·"Q. And during that conversation that she was asking to come there and make her home, did Mr. Parks tell her that he had made any provision for her support or support of her children?"

The materiality of the evidence sought to be elicited is not apparent as against appellant. The evidence in the case clearly shows the attitude of the wife, both with relation to her husband and to her former home. Prejudicial error is not shown.

Testimony was admitted with reference to the purchase by appellant of a revolver, and also concerning a conversation between appellant and another party with reference thereto. On behalf of defendants, counsel moved that the testimony be not considered except as against appellant. In ruling on this motion, the court said:

"The motion will be denied as to the purchase of the revolver. That will be permitted to stand in the case as testimony in relation to the inquiry as to the guilt or innocence of all the defendants at the present time."

Exception was taken to the remarks of the court.

We think, however, that the remarks of the court are not subject to the criticism that the court was suggesting that an inference should be drawn from the evidence, or that the court invaded the province of the jury. The exception is without merit.

The court sustained objections to the following questions asked on cross-examination of one of the witnesses for the state:

"Q. How many criminal cases have you been a witness in, in the last year?"

"Q. Have you been in the habit of testifying in criminal cases here?"

The objections were to the effect that the questions were incompetent and immaterial and not proper cross-examination. No error was committed by the court in refusing to permit the witness to answer these questions. They were clearly immaterial. The statute points out the method of impeaching

a witness, and the statutory method must be followed. (*Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588; *Boeck v. Boeck*, 29 Ida. 639, 161 Pac. 576.)

Finding no reversible error in the record, the judgment will be affirmed.

Budge, J., concurs.

MORGAN, C. J., Concurring.—My opinion as to the sufficiency of such an information as is here under consideration has not been changed since it was expressed in *State v. Lundhigh*, 30 Ida. 365, 379, 164 Pac. 690. The decision in that case, rendered according to the views of the majority of the court, announces the law of this state as it now is and will continue to be until that portion of the case is overruled, or until we have some legislation upon the subject. I am in accord with the foregoing opinion upon the other points discussed, and, therefore, concur.