(October 20, 1921.)

STATE, Respondent, v. PETER BIDEGAIN, JOHN ANTONENA, JOHN PETRE and PETER OLLABURN, Appellants.

[201 Pac. 312.]

CRIMINAL LAW—CATTLE RANGE—EVIDENCE—FORMER ARREST.

1. If there is substantial evidence to support the verdict of the jury, the judgment will not be reversed.

2. On a trial of one for the offense of herding, grazing and pasturing sheep on a cattle range, it is error to permit the state

to prove that the defendant had been arrested for a former offense of the same kind.

3. In prosecutions under C. S., sec. 8333, it is not necessary to show that the cattle range is on public land.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Chas. P. McCarthy, Judge Presiding.

Appellant was convicted of the crime of grazing sheep on cattle range. *Reversed.*

Brodhead & Clark and Chase A. Clark, for Appellants.

Where the evidence in the case to sustain the verdict is of such weak and uncertain character that the court cannot. say that the jury was not misled by irrelevant and illegal testimony appearing in the record, and did not act upon prejudice or passion, a new trial will be ordered. (*State v. Newton,* 39 Wash. 491, 81 Pac. 1003; *State v. O'Hara,* 17 Wash. 525, 50 Pac. 478; *Goldstone v. Rustemeyer,* 21 Ida. 706, 123 Pac. 635; 3 Cyc. 352, 353; *Aultman, Miller & Co. v. Scheele,* 34 Neb. 819, 52 N. W. 817.)

Roy L. Black, Attorney General, and Alfred F. Stone, Assistant, for Respondent.

Evidence of other acts may be admitted for the purpose of proving the intent or knowledge. (*State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; 16 C. J. 589.)

DUNN, J.—Appellants were tried and convicted on a charge of violating C. S., sec. 8333, which reads as follows:

"Sec. 8333. Grazing Sheep on Cattle Range. Any person owning or having charge of sheep, who herds, grazes, or pastures the same, or permits or suffers the same to be herded, grazed or pastured, on any cattle range previously occupied by cattle, or upon any range usually occupied by any cattle grower, either as a spring, summer or winter range for his

cattle, is guilty of a misdemeanor; but the priority of possessory right between cattle and sheep owners to any range, is determined by the priority in the usual and customary use of such range, either as a cattle or sheep range.''

The principal errors assigned are: First, that the evidence is insufficient to support the verdict and judgment, and particularly that the evidence does not show that the land on which the offense was committed was public land; and, second, that the court erred in permitting testimony to be given over the objection of appellants to the effect that one of the defendants, Peter Bidegain, had formerly been arrested on a charge of having sheep on the range in controversy in this action.

So far as the first error above stated is concerned, the law does not require that the cattle range shall be on public land. It is sufficient to say that the evidence submitted to the jury is conflicting but that the record contains substantial evidence to support the verdict, and under the rule that has been many times announced by this court, the judgment will not be reversed. (*State v. Askew,* 32 Ida. 456.)

The second error above mentioned is based upon the action of the court in permitting the following question and answer:

''Q. Did you know of Mr. Bidegain's being arrested for having these sheep on that range?

''A. Yes, sir.''

The arrest referred to in this question and answer was made some time before the charge on which the appellants were then being tried. The other appellants in this case appear to have been Bidegain's herders. The former arrest of Bidegain had no place in the trial of the present charge and it would seem that evidence regarding that matter could hardly fail to prejudice the appellants in the minds of the jury, and for this reason, we think the judgment should be reversed and a new trial granted. It is so ordered.

Rice, C. J., and Lee, J., concur.

McCarthy, J., was disqualified and took no part in the decision.

BUDGE, J., Dissenting.—The only purpose for which the testimony quoted in the majority opinion was offered,—and it was so expressly stated by the state's attorney,—was to establish proof of knowledge on the part of the defendant of the trespass of the sheep upon the range, theretofore used under the provisions of sec. 8333, *supra,* and it was not offered or received in evidence for the purpose of proving that the defendant was guilty of the violation of any other act than the one charged. The materiality of the testimony consisted in this, that it tended to establish knowledge or intent to commit the act charged. The weight and sufficiency of the evidence were clearly left to the jury. The defendant was not called upon to explain away other criminal accusations made against him; the proof went no further than to show that the defendant had upon a prior occasion been arrested for the same offense as charged in the complaint and for which he was then upon trial.

This court held in effect in *State v. Butterfield,* 30 Ida. 415, 165 Pac. 218, that in order for the state to show a possessory right to a range as between cattle and sheep owners it is only necessary to show priority in the usual and customary use of such range either as a cattle or sheep range, and that in the absence of evidence of a protest on the part of cattle growers no claim of exclusive right on their part can be maintained. The court further held in substance, and so instructed the jury, that the state must show that the range had not been abandoned as a cattle range, and that in order to establish this fact evidence of protest on the part of the cattle growers must be shown; that the very character of the range depends upon the past acts and attitude of the cattle growers and sheepmen in regard to it. This testimony was clearly admissible if for no other purpose than to prove that the cattle growers had protested against the use of this range as a sheep range even to the extent of procuring the arrest of the defendant. The rule is well settled that evidence of other acts may always be

admitted for the purpose of proving intent or knowledge. (*State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; 16 C. J. 589.)

It was incumbent upon the state, as held in the case of *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 280, to prove that the range in controversy had been previously occupied by cattle growers, either as a spring, summer or winter range for their cattle, and that they or their predecessors in the cattle business had made the usual and customary use of the range as a cattle range prior to any use thereof in the usual and customary manner as a sheep range, and that the range had not been abandoned as a cattle range, and that the defendant knew, or had information from which a reasonable man under like circumstances would have known, that he was herding, grazing, or pasturing his sheep upon a cattle range previously occupied by cattle, in the usual and customary use of such range, and that sheep had not theretofore been herded, grazed or pastured upon such range by sheepmen in the usual and customary use of the range. (*Omaechevviaria v. State,* 246 U. S. 343, 38 Sup. Ct. 323, 62 L. ed. 763.)

In the case of *State v. Maguire,* 31 Ida. 32, 169 Pac. 175, this court, speaking through Mr. Justice Rice, announced the following rule: "Whenever mental state, *scienter* or *quo animo* constitutes an ingredient of the offense charged evidence is admissible of acts, conduct or declarations of the accused which tend to establish such knowledge, intention or motive, notwithstanding the fact that it may disclose a different crime in law." In the instant case the state did not attempt to prove that the defendant had been convicted of a former offense, but merely that he had been arrested upon a charge of having theretofore violated the provisions of sec. 8333, *supra,* for the sole purpose of bringing home to the defendant that he had knowledge of the character and extent of the range upon which he had trespassed by herding and grazing sheep in violation of the statute above quoted.

Clearly, it cannot then be said that the admission of this testimony constituted reversible error, and the judgment in this case should not be reversed for the reason stated in the majority opinion.