(No. 5500.  July 17, 1930.)

STATE, Respondent, v. E. F. BRACE, Appellant.

[290 Pac. 722.]

Wm. M. Morgan, for Appellant.

W. D. Gillis, Attorney General, and Leon M. Fisk, Assistant Attorney General, Earle E. Garrity, Prosecuting Attorney, and Wm. Healy, for Respondent.

GIVENS, C. J.—On appeal from a conviction of grazing and pasturing sheep on a cattle range, contrary to C. S., sec. 8333, appellant assigns in substance five grounds for reversal: First, that the criminal complaint filed in the probate court, which initiated the prosecution, does not state a cause of action, because it does not sufficiently allege that the range had been and was at the time of the alleged offense possessed as a cattle range, and that the complaint did not negative abandonment as a cattle range or a partial use of the range by sheep. The portion of the complaint material to a consideration of this point is as follows:

" . . . . pastured upon a cattle range previously occupied by cattle, and usually occupied by certain cattle growers, . . . . as a spring, summer and winter range for their cat-

tle, which said range is usually and customarily used as a cattle range, to wit: that certain cattle range situate in said Owyhee county, state of Idaho, and described as follows .... (description)."

While not controlling or decisive it is at least noteworthy that this portion of the criminal complaint is almost identical with the criminal complaint in *State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280, wherein a demurrer was interposed alleging with great particularity the grounds urged herein, though the point was merely mentioned in the opinion, not discussed.

The word "previous" in the complaint is to be read in connection with the words "usually" and "customarily." One of the definitions given by Webster's dictionary for "customarily" is "habitual," and the statement in *State v. Omaechevviaria, supra,* is pertinent in this connection, as follows:

"A cattle range in this state has a well-defined meaning, and so has a sheep range; and this meaning is fully recognized by persons engaged in the two industries."

Appellant cites *State v. Butterfield*, 30 Ida. 415, 165 Pac. 218, to the effect that the state must prove the territory to be exclusively a cattle range and so possessed, and such contention is sound; but we are here concerned with pleading, not evidence. In the case cited, the complaint, page 418, was worded as the one herein, and the court said, page 419:

"The statute says that 'priority of possessory right .... is determined by the priority in the usual and customary use of the range.' If the usual and customary use of the range has been for cattle, then it is cattle range. If the usual and customary use of the range has been for sheep, then it is not a cattle range," indicating clearly that the language of the complaint alleged that which appellant contends must be proved. The complaint was amply sufficient to apprise the defendant of the offense with which he was charged and is sufficient. (*State v. Gee,* 48 Ida. 688, 284 Pac. 845.)

The appellant next complains of instructions numbers 11 and 12 and in refusing to give appellant's requested instruction number 8, it being appellant's contention that criminal negligence in this state must be gross negligence, and that the latter portion of instructions 11 and 12, where the standard is that of ordinary care or that degree of care which an ordinarily prudent person would exercise under like circumstances, was erroneous; and that since the defendant himself was not with the sheep at the time they were herded, the thought expressed in requested instruction 8 should have been given.

Appellant cites 45 C. J. 1371, and cases cognate thereto in support of his position; on the next page of the text, however, 1372, it will be noted the rule is declared to be different where there is a statute which as indicated hereafter we have. Appellant in this connection relies upon C. S., sec. 8087, which requires "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." A complete answer to appellant's contention is found in C. S., sec. 8074, which defines negligence in the criminal code as "a want of such attention to the nature of probable consequences of the act or omission as a prudent man ordinarily bestows in acting in his own concerns." The two instructions given followed in substance section 8074 and were therefore not erroneous.

The appellant also objects because the court did not give an instruction on circumstantial evidence. The state did not rely on circumstantial evidence but upon direct evidence. The fact that it was incumbent upon the jury to determine defendant's intent in connection with the directions given by him to his herders, as to their handling the sheep and crossing the cattle range, did not make the evidence in connection therewith, as to what he said and did and what his herders did or did not do, circumstantial. (*People v. Welsh,* 63 Cal. 167.)

It is not error for the court to refuse to give an instruction where there is no evidence to which the same

is applicable. (*State v. Peters,* 43 Ida. 564, 253 Pac. 842; *State v. Stevens,* 48 Ida. 335, 282 Pac. 93.)

■■ Appellant urges that the employer is responsible for his agent's acts only when he directs or authorizes such acts, citing 16 C. J. 123. The court in effect so instructed the jury in paragraph C of instruction number 8 as given, and in substance therein embodied the thought contained in appellant's requested instruction number 8; and there was evidence that the defendant told his herders specifically where and how to drive the sheep across the cattle range, and knew the general lay of the country, the existence of other routes and the time it took the sheep to cross the cattle range, and acquiesced in his servant's actions; hence the jury were justified in holding the defendant criminally liable in connection with the handling of the sheep.

Instruction number 10 given by the court properly distinguished between driving and grazing.

While there is a conflict in the evidence, and perhaps different conclusions could have been drawn therefrom, there is sufficient evidence to sustain the verdict.

Judgment affirmed.

Budge, Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.