349 P.2d 114

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James McCONVILLE, Defendant-Appellant.**

No. 8770.

Supreme Court of Idaho.

Feb. 2, 1960.

J. H. Felton, Warren Felton, Lewiston, for appellant.

Frank L. Benson, Atty. Gen., Wm. Swope, Asst. Atty. Gen., Owen Knowlton, Pros. Atty., Lewiston, Jedd G. Owens, Asst. Atty. Gen., for respondent.

**TAYLOR, Chief Justice.**

The information charges defendant (appellant) with lewd and lascivious conduct under I.C. § 18–6607. Trial resulted in a verdict of guilty as charged. From judgment of conviction entered upon the verdict, and an order denying a new trial, defendant has appealed.

The crime allegedly was committed June 12, 1958, against the person of the prosecutrix Bernadette Boncheau, a female child of the age of eleven years, by defendant, her grandfather; both are full-blooded Nez Perce Indians.

Officer Marconi, a member of the Lewiston police department, testified that he came upon defendant and the prosecutrix near the Clearwater river, where, from a point approximately ten feet away, he observed the parties engaged in illicit acts. Placing defendant under arrest, he took him to the police station along with the prosecutrix. While at the station, officer Kyle, a policewoman, took a typewritten statement from the prosecutrix outside the presence of defendant. During the course of the direct examination of the prosecutrix, the statement was marked as an exhibit, and was read and identified by the witness. The prosecution then called the policewoman Kyle, who had taken the statement. After she identified the statement, it was offered in evidence. Upon objection being made by the defense, the court reserved its ruling on the admission of the exhibit. The state then called policeman Rainville, a witness to the statement, who also identified it. Upon the court convening after a recess, the prosecuting attorney withdrew his offer of the written statement of the prosecutrix, and requested the court to disregard the testimony of the officers who identified it. The court instructed the jury:

> "in your deliberations you will ignore all references to the statement, and all of the testimony of Mrs. Kyle with reference to taking the statement, and also the testimony of Mr. Rainville as to witnessing the statement. You are not to consider that testimony at all."

Defendant moved the court for a mistrial, contending that the use of the statement had been prejudicial to the defendant and its effect could not be cured by the instruction. The denial of the motion is assigned as error.

■ The statement, not having been made in the presence or hearing of the defendant, as against him was hearsay and inadmissible. Kier v. Hill, 8 Idaho 111, 66 P. 931; Quillin v. Colquhoun, 42 Idaho 522, 247 P. 740; State v. Proud, 74 Idaho 429, 262 P.2d 1016. In the state's direct examination of the prosecutrix neither the contents of the exhibit nor any statement purportedly contained therein was repeated by either counsel for the state or by the witness. Counsel for the defendant, in cross-examining the prosecutrix, two or three times repeated in his questions a damaging statement purported to have been made by the prosecutrix in the exhibit. Except for this cross-examination none of the contents of the exhibit would have come to the attention of the jury. Any prejudice which the instruction of the court may have failed to remove from the minds of the jurors, was that induced by defendant's cross-examination rather than the use made of the exhibit by the prosecution. Although the defendant by cross-examining as to the statement did not waive his objection to its use by the prosecution (Wilson v. Vogeler, 10 Idaho 599, 79 P. 508) under such circumstances the instruction of the court was sufficient to cure any error of which the defendant may complain. State v. Knutson, 47 Idaho 281, 274 P. 108; State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195; State v. Polson, 81 Idaho 147, 339 P.2d 510.

■ Defendant next contends that the court erred in refusing to grant his challenge to the jury array and panel on grounds that there was not a representative number of persons of defendant's race thereon.

Prior to the commencement of the trial, defendant moved to quash the jury panel on the ground that the array selected for that term of court included only one or at the most two Indians and therefore was not representative of the different races residing in the county.

This court ruled upon a somewhat similar situation in State v. Walters, 61 Idaho 341, 102 P.2d 284. We therein held that upon a motion to quash a jury panel, the burden of showing substantial, actual, or presumptive prejudice to the rights of a defendant rests upon the moving party, and must be established by a preponderance of the proofs. Morris v. State, 62 Okl.Cr. 337, 71 P.2d 514; Norris v. State of Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074. We also held in State v. Walters, supra, that a systematic and arbitrary exclusion from the jury panel of any class or race of people because of their race and color constitutes a denial of the equal protection of

the laws to anyone falling within that class, who may be charged with crime and placed on trial therefor. Fourteenth Amend. U.S. Const.; Hale v. Commonwealth of Kentucky, 303 U.S. 613, 58 S.Ct. 753, 82 L.Ed. 1050; Pierre v. State of Louisiana, 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757; Norris v. State of Alabama, supra; Scott v. State, 29 Okl.Cr. 324, 233 P. 776, 779; Powell v. State, 60 Okl.Cr. 267, 63 P.2d 113, 117.

Here the record is barren of any proof or offer of proof that would tend to show discrimination, or a systematic exclusion of persons of defendant's race, in the selection of the jury array. A mere showing that a class is not represented is insufficient. It must be shown that its absence is due to discrimination. Fay v. People of State of New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043, rehearing denied 332 U.S. 784, 68 S.Ct. 27, 92 L.Ed. 367. The motion to quash, and the challenge to the panel, were properly denied.

Defendant also assigns as error the denial of his application for a new trial.

 In addition to the assignments above discussed, defendant predicated his motion for a new trial upon alleged newly discovered evidence. The showing consisted of two affidavits, one by Rev. David J. Miles, an ordained minister of the Presbyterian church and a registered member of the Nez Perce tribe. The substance of Rev. Miles' affidavit is that he conversed with Bernadette Broncheau after the trial and from such conversation he is convinced that she gave untrue testimony at the trial regarding the alleged crime. In effect, the affidavit absolves appellant of the commission of any acts constituting the alleged crime. The second affidavit is that of Alvina Powaukee Boncheau, the mother of the prosecutrix, which in substance states that after talking with the prosecutrix, after the trial, the affiant is certain that her daughter had been induced in some manner to make false statements, and that appellant is innocent of the crime charged.

I.C. § 19–2406, sets forth the grounds upon which a new trial may be had in a criminal case. Subsection 7 thereof provides in part:

"When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial. * * *"

A new trial will not be granted on grounds of newly discovered evidence unless it is shown that the introduction of such evidence might change the result of the trial. State v. Bond, 12 Idaho 424, 86 P. 43; State v. Williams, 12 Idaho 483, 86 P. 53; State v. Miller, 65 Idaho 756, 154 P.2d 147. The claimed newly discovered evidence set forth in the affidavits of Rev. Miles and Alvina Powaukee Boncheau

merely goes to the credibility of the prose-cutrix. A careful examination of the record leads us to believe that there was ample evidence elicited from other witnesses, particularly police officer Marconi, an eye-witness to the crime, to support the verdict even though the credibility of the prosecutrix had been rendered doubtful. The prosecutrix was a reluctant witness. In her direct examination she gave only one answer directly tending to incriminate the defendant.

The granting or refusal of a new trial is in the sound discretion of the trial judge, who has all of the facts and circumstances before him, and has seen and heard the witnesses. Only where it is shown that an abuse of discretion has occurred, will this court reverse the order of the lower tribunal denying a new trial. State v. Fleming, 17 Idaho 471, 106 P. 305; State v. Askew, 32 Idaho 456, 184 P. 473; State v. Morrison, 52 Idaho 99, 11 P.2d 619; State v. Fox, 52 Idaho 474, 16 P.2d 663. The trial court did not abuse its discretion in the present case.

The judgment is affirmed.

SMITH and McQUADE, JJ., and SPEAR, District Judge, concur.

PORTER, C. J., sat at the hearing, but died before the Court reached its decision.

KNUDSON, J., not participating.