560 P.2d 495

The STATE of Idaho,
Plaintiff-Respondent,

v.

Robert Edward BUSS,
Defendant-Appellant.

No. 12264.

Supreme Court of Idaho.

Feb. 18, 1977.

Mark L. Clark of Kibler, Hamilton & Clark, Nampa, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from a district court judgment entered on a jury conviction of Robert E. Buss. Buss was found guilty of possession of marijuana and amphetamines. The state based its case exclusively on the testimony of two arresting officers and the criminologist who analyzed the narcotics. All of these witnesses appeared in the preliminary hearing and all of the evidence submitted was disclosed at the preliminary hearing. At trial counsel for Buss objected to any introduction of evidence on the basis that the prosecution failed to comply with a Rule 16 discovery order.

Rule 16(g) of the Idaho Rules of Criminal Procedure provides as follows:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just in the circumstances."

Counsel for Buss did not request that the court grant a continuance. In fact, he specifically stated that a continuance should not be granted owing to the length of time that Buss had been imprisoned.

The district court overruled Buss' objection and allowed admission of the prosecution's evidence. Buss contends on appeal that it was error for the court to allow admission.

It was established in the district court proceedings that on February 2, 1976, counsel for Buss filed a motion for discovery and inspection and served a copy of said motion on the prosecuting attorney. The copy of the motion that was served on the prosecuting attorney also included a proposed court order for inspection and discovery but it was not signed by the district judge. The prosecuting attorney did not respond to the matter. On February 26, 1976, the district judge signed the order for discovery and inspection and at that time, instructed the deputy clerk to send duplicates of the order to counsel for Buss and the prosecuting attorney. The deputy clerk, in her affidavit and oral testimony, states that she remembers mailing copies to both parties. In accordance with Rule 49(d), Idaho Rules of Criminal Procedure, she made a note of the mailing in the district court's docket. The prosecuting attorney, however, denies ever receiving the order. Following a hearing, the district court found that the prosecuting attorney did not receive the order.

Counsel for Buss argues on appeal that Rule 16(g) applies mandatory sanctions for the failure of a party to comply with a discovery order. He concludes that the trial court therefore erred in not excluding the prosecution's evidence.

■ We cannot accept appellant's argument. Rule 16(g) on which appellant relies does not dictate that evidence not disclosed under discovery proceedings must be excluded from trial. Its language clearly gives a trial court discretion as to the sanction that should be imposed. A court may grant a continuance, order the non-complying party to permit discovery or inspection, *or* it can exclude the evidence sought to be presented at trial. Rule 16(g) also clearly gives the trial court discretion *not* to impose a sanction. This is made explicit by the language of the final clause of the rule. It states that a court "may enter such other order as it deems just in the circumstances." We interpret this language to mean that a court can allow the trial to continue without imposing any sanction on the party that fails to comply with the discovery provisions of Rule 16.

■ What sanction should be imposed or whether a sanction should be imposed at all is discretionary with the trial court. And the trial court's exercise of that discretion is beyond the purview of a reviewing court unless it has been clearly abused. *Cf. State v. McConville,* 82 Idaho 47, 349 P.2d 114 (1960).

■ We recognize the importance of discovery in criminal proceedings. In assessing whether the trial court abused its discretion, we are mindful of the consequences that might result from a trial court's abuse of the discretion given to it under Rule 16(g). However, the record establishes that the state did not rely on any evidence that was not known to Buss. All of the prosecution's witnesses appeared at the preliminary hearing. All of the evidence presented by the prosecution was disclosed at the preliminary hearing. Counsel for Buss did not make any effort to obtain discovery or contact the prosecuting attorney regarding his motion after he filed his original motion for discovery. Considering these circumstances, we cannot say that the trial court abused its discretion when it allowed the trial to continue without discovery.

We do not commend the procedures followed by either the prosecutor or counsel for defendant in this case. Both parties should have been aware that there was a possibility that an error had occurred in the processing of the district court's discovery order and should have contacted each other. Our decision in no way indicates which party should bear the burden of a clerical error. We conclude only that Rule 16(g) gives the trial court discretion to allow a

trial to continue unimpeded when there has been non-compliance with a discovery order and that the trial court did not abuse its discretion in doing so in the present case.

Judgment affirmed.

McFADDEN, C. J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

I agree with the majority that I.C.R. 16(g) does not require the district court to apply a *per se* exclusionary rule for failure to comply with discovery requests. I also agree that we cannot say on this record that it was an abuse of the trial court's discretion to allow the prosecution to introduce evidence in this case. Accordingly, I join in the Court's disposition of this appeal.

However, the requirements of the due process clause as explained in the cases of *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), make it clear that if the evidence which Buss specifically requested "might have affected the outcome of the trial" (*Agurs,* 427 U.S. at 104, 96 S.Ct. at 2400), or was "material either to guilt or to punishment" (*Brady,* 373 U.S. at 87, 83 S.Ct. at 1197), then Buss would be entitled to a new trial. It would not have mattered that the order was not signed by the judge, as long as the motion or order was served on the prosecuting attorney so that he knew what material was requested. That our state rules of criminal procedure do not contemplate discovery of these materials does not mean that the state may avoid the clear constitutional mandate set down by *Brady* and *Agurs* to turn over specifically requested material evidence.

However, neither the requested material nor a transcript of the preliminary hearing is in this record. Without these, we cannot gauge the impact of the failure to comply with the request. Such matters may be explored in a petition for post conviction relief, but they cannot be settled on this appeal because of the inadequacy of the record before us.