29 P.3d 956

**Sharon K. SMITH, Plaintiff–Respondent,**

v.

**Vernon K. SMITH, Defendant–Appellant.**

No. 26619.

Court of Appeals of Idaho.

June 15, 2001.

Rehearing Denied Aug. 8, 2001.

Vernon K. Smith, Boise, pro se.

Swafford Law Office, Chtd., Idaho Falls, for respondent, who did not participate on appeal.

PERRY, Judge

Vernon K. Smith appeals from the district court's orders finding him in contempt of court and imposing sanctions. We affirm in part, reverse in part, and remand.

## I.

## BACKGROUND

In February 1991, Sharon K. Smith was granted a divorce from Vernon on the grounds of adultery and extreme mental cruelty. As part of the divorce judgment, the magistrate ordered Vernon to pay Sharon the sum of $202,526. The magistrate found that it would be an undue hardship to require Vernon to pay the entire lump sum immediately. Accordingly, the magistrate ordered Vernon to pay a minimum of $1,500 per month and the entire balance of $202,526.13 within eighteen months of the judgment. The award was affirmed on appeal. *Smith v. Smith*, 124 Idaho 431, 860 P.2d 634 (1993).

As of January 1996, the judgment remained unsatisfied. Consequently, Sharon filed a motion to renew the judgment pursuant to I.C. § 10–1111. After a hearing, the district court issued an order renewing the judgment. The district court's order renew-

ing the judgment was affirmed on appeal. *Smith v. Smith,* 131 Idaho 800, 964 P.2d 667 (Ct.App.1998).

In August 1998, Sharon served upon Vernon discovery requests in aid of execution of the divorce judgment. Sharon served a number of interrogatories pursuant to I.R.C.P. 33(a), a request for production of documents pursuant to I.R.C.P. 34, and a request for admissions pursuant to I.R.C.P. 36(a). Vernon did not comply with the discovery requests. Sharon filed a motion to compel responses which, after a hearing, was granted by the district court. Vernon again did not comply with the discovery requests, and Sharon filed a motion to hold Vernon in contempt of court.

In October 1999, a hearing was held regarding the motion for contempt. Vernon argued that the discovery requests were improper because they requested irrelevant information and because Sharon already knew that he had no assets. The district court disagreed and granted Sharon's motion for contempt. The district court further noted that Vernon made these same arguments at the original hearing granting Sharon's motion to compel. The district court deferred its decision regarding the appropriate sanctions until a later scheduled hearing date.

In February 2000, Sharon filed a motion for imposition of contempt sanctions. At the subsequent hearing, Vernon argued that the motion was moot because the sheriff had already seized property on behalf of Sharon and because "the judgment will be sold." *See Peasley Transfer & Storage Co. v. Smith,* 132 Idaho 732, 979 P.2d 605 (1999). Vernon also argued for a second time that Sharon's discovery request was for irrelevant information. The district court took Sharon's motion for imposition of contempt sanctions under advisement.[1]

Sharon also filed a motion for supplemental proceedings in aid of execution of the judgment pursuant to I.C. §§ 11–501 to 11–508. The district court granted Sharon's motion. The record on appeal, however, contains no transcript or minutes of the supplemental proceedings.

In April 2000, the district court issued an opinion granting Sharon's motion for imposition of contempt sanctions. In granting the motion, the district court found the following:

> Vernon K. is a textbook example of a "judgment proof" party. Several judgments have been rendered against him, which Vernon K. continues to artfully dodge. Vernon K. has filed bankruptcy at least twice to avoid execution of Sharon's divorce judgment, and he has again threatened to file Chapter 13 bankruptcy to avoid execution of the divorce judgment. Whenever Vernon K. gets assets of any kind he simply assigns them to his mother Victoria. Thus, it is clear that monetary sanctions will have no effect upon Vernon K. Incarceration, however, seems to get Vernon K.'s attention.

Based upon its findings, the district court sanctioned Vernon by ordering that he be incarcerated for a period of thirty days and that he pay Sharon's attorney $1,000.[2] The district court also ordered that Vernon would remain incarcerated following the thirty-day period until proof of such payment was provided to the district court. Vernon appeals.

## II.

## ANALYSIS

On appeal, Vernon argues that the district court abused its discretion in finding him in contempt for failing to comply with Sharon's discovery request. Vernon asserts that the discovery provisions contained in Rules 26 to 37 of the Idaho Rules of Civil Procedure do not apply to post-judgment proceedings.

■ Although Vernon repeatedly opposed the orders finding him in contempt and imposing sanctions, he did not challenge the orders on the ground that he now raises on appeal. *See State v. Brown,* 131 Idaho 61, 66–67, 951 P.2d 1288, 1293–94 (Ct.App.1998). A review of the record reveals that Vernon

---

1. The district court found that there was still owing a sum of $369,178.71 under the divorce judgment and a sum of $34,770.16 for proceedings held on January 6, 1999.

2. The record reveals that twenty-five of the thirty days were stayed pending this appeal. Vernon alleges in his brief on appeal that the $1,000 has been paid.

argued only that he wasn't required to comply with Sharon's discovery request because: (1) Sharon requested irrelevant information; (2) Sharon already knew that he had no assets; and (3) Sharon's motion for contempt sanctions was moot. There is no indication in the record that Vernon ever raised to the district court the issue that he now raises on appeal.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The rationale for this rule was first stated in 1867 by the Supreme Court of the Territory of Idaho:

> It is for the protection of inferior courts. It is manifestly unfair for a party to go into court and slumber, as it were, on [a] defense, take no exception to the ruling, present *no point for the attention of the* court, and seek to present [the] defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

*Smith v. Sterling,* 1 Idaho 128, 131 (1867); *see also Sanchez,* 120 Idaho at 322, 815 P.2d at 1062; *Brown,* 131 Idaho at 67, 951 P.2d at 1294. Consequently, Vernon's argument that Rules 26 to 37 do not apply to post-judgment proceedings will not be considered for the first time on appeal by this Court.[3]

Next, Vernon argues that the district court abused its discretion in finding him in contempt. Trial courts are vested with the judicial power of contempt to vindicate their jurisdiction and proper function. *Marks v. Vehlow,* 105 Idaho 560, 566, 671 P.2d 473, 479 (1983); *State v. Abracadabra Bail Bonds,* 131 Idaho 113, 119, 952 P.2d 1249, 1255 (Ct. App.1998). The contempt power has its source in Idaho Constitution article V, section 2, and the common law. *Abracadabra*

*Bail Bonds,* 131 Idaho at 119, 952 P.2d at 1255; *Marks,* 105 Idaho at 566, 671 P.2d at 479; *McDougall v. Sheridan,* 23 Idaho 191, 128 P. 954 (1913). This power is also recognized by I.C. § 1–1603(4), which provides that every court has the power to compel obedience to its orders. *See also* I.C. §§ 1–1901, 1–1902; 7–601 to –614. Idaho Code Section 7–601(5) provides that disobedience of any lawful order of the court constitutes contempt.

The record in the instant case reveals that Vernon refused for a period of approximately one year to comply with the district court's order to respond to Sharon's discovery requests. In an effort to obtain discovery, Sharon eventually filed a motion for supplementary proceedings pursuant to I.C. §§ 11–501 to –508. The district court granted Sharon's motion. Vernon contends on appeal that he provided at the supplementary proceedings all the information requested in Sharon's initial discovery request. However, Vernon failed to include in the record on appeal a transcript of the supplementary proceedings. Without the transcript it is impossible to substantiate Vernon's claim that he complied with Sharon's discovery request. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers,* 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct.App.1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Because the record provided on appeal fails to indicate that Vernon ever complied with Sharon's discovery request, we will not presume error in the district court's order finding Vernon in contempt.

Lastly, Vernon argues that the district court abused its discretion in imposing sanctions against him. The district court sanctioned Vernon by ordering that he be incarcerated for a period of thirty days. This jail

---

3. Had this Court considered the issue raised by Vernon on appeal, we note that Vernon failed to cite in his appellant's brief to I.R.C.P. 69, which governs the applicability of discovery to the execution of judgments. We also note that Vernon would have been subject to the contempt order even if the district court's order compelling discovery responses was found to be erroneous because the penalties imposed by the contempt order were punitive and coercive in nature rather than remedial. Vernon was not entitled to simply continue to disobey the order compelling discovery. *See Mathison v. Felton,* 90 Idaho 87, 94, 408 P.2d 457, 461 (1965); *Conley v. Whittlesey,* 126 Idaho 630, 635–37, 888 P.2d 804, 809–11 (Ct.App.1995).

time was punitive in nature and was not intended to compel future compliance. The district court also ordered that Vernon pay Sharon's attorney $1,000 and that Vernon would remain incarcerated following the thirty-day period until proof of such payment was provided to the district court.

 We review the sanction imposed under an abuse of discretion standard. *Kirkman v. Stoker*, 134 Idaho 541, 546, 6 P.3d 397, 402 (2000); *State v. Stradley*, 127 Idaho 203, 207–08, 899 P.2d 416, 420–21 (1995). What sanction should be imposed or whether a sanction would be imposed at all is discretionary with the trial court. *Stradley*, 127 Idaho at 208, 899 P.2d at 421; *State v. Buss*, 98 Idaho 173, 174, 560 P.2d 495, 496 (1977). The trial court's exercise of that discretion is beyond the purview of a reviewing court unless it has been clearly abused. *Stradley*, 127 Idaho at 208, 899 P.2d at 421; *Buss*, 98 Idaho at 174, 560 P.2d at 496. The penalty for contempt is governed by Idaho Code Section 7–610, which provides the following:

> Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding five thousand dollars ($5,000), or he may be imprisoned not exceeding five (5) days, or both; except that if the contempt of which the defendant be adjudged guilty be a disobedience of a judgment or order for the support of minor children, he may be imprisoned not exceeding thirty (30) days in addition to such fine, under this section, as the court may impose. Additionally, the court in its discretion, may award attorney's fees and costs to the prevailing party.

Vernon argues that the district court abused its discretion in ordering that he be incarcerated for thirty days. Idaho Code Section 7–610 authorizes a court to impose a maximum of five days imprisonment as a penalty for contempt in those cases where contempt is not based upon disobedience of a judgment or order for the support of minor children. Vernon was found in contempt for failing to comply with Sharon's discovery request. Thus, the district court exceeded the limits of its discretion under I.C. § 7–610 by ordering that Vernon be incarcerated for more than five days.

We find no abuse of discretion in the district court's order that Vernon pay $1,000 to Sharon's counsel. Nor do we find any abuse of discretion in the district court's order that Vernon remain incarcerated beyond the five-day term until the amount is paid because this portion of the contempt order was not punitive but was designed to compel compliance with the order for payment of attorney fees. *See* I.C. § 7–611. Therefore, the order imposing sanctions is affirmed in part and reversed in part.

## III.

## CONCLUSION

Based upon the foregoing discussion, the district court's order finding Vernon in contempt is affirmed. The district court's order imposing sanctions is affirmed in part, reversed in part, and remanded.

Chief Judge SCHWARTZMAN and Judge LANSING, CONCUR.