EPHRAIM SMITH, RESPONDENT, *v.* E. C. STERLING, APPELLANT.

PRACTICE—EXCEPTIONS.—No exceptions having been taken to the ruling of the court below, we can only look into the judgment roll so far as to see if it will support a judgment.

APPELLATE COURT.—A party can not avail himself of a defense for the first time in the appellate court.

APPEAL from the third judicial district, Ada county. The facts in this case are precisely the same as those involved in the case of *Lamkin* v. *Sterling*, just reported. Similar proceedings were had in the court below, and the appeal taken upon similar questions. We therefore refer to that case for a more detailed statement of facts than is contained in the opinion of the court.

*S. P. Scaniker*, for the appellant.

*Miller & Prickett*, for the respondent.

McBRIDE, C. J., delivered the opinion of the court, CUMMINS, J., concurring.

This case is similar to the case just decided of *B. F. Lamkin* v. *E. C. Sterling*. It was an action of mandamus to compel the defendant as territorial treasurer to pay a warrant drawn upon the territorial treasury, and on the hearing before the judge below the same proceedings were had and the same rulings made as in the case referred to. The case was brought up without any exception being taken at the time to any of the rulings of the judge, and under the decision announced in that case, we can only look into the judgment roll so far as to see if it will support a judgment. The complaint declares upon an indebtedness for services rendered and money paid; that a warrant as evidence of that indebtedness was made out by the territorial auditor; that it was presented to the defendant, who had funds in his hands applicable to its payment, and that he refused to pay it. There is no denial of these facts; they are presumed to be true. They disclose a cause of action, and we think that if there be a defect in it, which we do not undertake to decide, it should have been pointed out. It shows a *prima facie* case which the defendant was bound to meet, either by showing what were its defects by demurrer or by pleading facts by way of answer. There seems to be a very prevalent notion that under a demurrer which specifies that the complaint does not state facts sufficient to constitute a cause of action, the party so demurring may avail himself of anything which goes to defeat the action. This is a mistake.

9

Suppose a party should set up a promissory note in his complaint for one hundred dollars, and should ask and obtain judgment for five hundred dollars. Then, although the record would disclose the fact that the plaintiff was not entitled to any such judgment, yet if he did not except to its rendition and sought its reversal simply on the judgment roll, he would fail; because the complaint, though clearly defective for the amount adjudged, yet discloses a substantive cause of action, and the defendant could not waive his defense, however good or complete in law, in the court below, and raise it here. If the plaintiff, in a suit as plaintiff, should allege that a cause of action existed against his defendant; that the indebtedness was for goods sold and delivered, or for labor and services performed, without setting up the value of the labor and services or the amount due, and a judgment was rendered, on the hearing, for a specific amount, and no exception taken, the judgment, however defective, could not be reversed; for the reason, that a cause of action, though defectively stated and clearly demurrable, was shown to exist. On the other hand, if a plaintiff states that a defendant is indebted to him in a certain sum and prays judgment for the amount without setting up how it arose, what it was for, or when it occurred, and he recovered judgment, and a defendant asked its reversal on a simple review of the judgment roll, he would be entitled to have the error considered; because the complaint would be, in the language of the California authorities, so radically defective that it would not support a judgment. In other words, it would not show any cause of action.

In the present case the complaint shows that an indebtedness exists; shows how it arose; that he has the evidence of that indebtedness in the form of a warrant on the treasury; that the defendant is the treasurer; that he has funds in his hands applicable to the payment of this warrant; that it has been presented and is unpaid.

If there is any defense such as is insisted upon in this case, it is clearly one which should have been raised either by demurrer or answer below, and by exception to the ruling. We can not say, it is true, that the territory is in-

debted to the plaintiff for services rendered and moneys paid out to its use; that the account had been audited and ordered paid; that the defendant has funds for its payment which he refuses to apply. We can not admit all this and say that there is no cause of action. It may be defectively stated, the statutes of the territory may require an entirely different process of its creditor in order to obtain his rights; yet, if the facts are admitted and the matters of defense are not stated, and no exception taken, such defense can not be raised in this court for the first time.

It is for the protection of inferior courts. It is manifestly unfair for a party to go into court and slumber, as it were, on his defense, take no exception to the ruling, present no point for the attention of the court, and seek to present his defense, that was never mooted before, to the judgment of the appellate court. Such a practice would destroy the purpose of an appeal and make the supreme court one for deciding questions of law in the first instance.

The appeal will be dismissed and the judgment below affirmed, with costs.

CUMMINS, J., delivered the opinion of the court on petition for rehearing, McBRIDE, C. J., concurring.

The petition in this case involving a consideration of the same points passed upon in the case of *Lamkin* v. *Sterling*, decided at this term, and in which there was also a petition for a rehearing, it is unnecessary to pass them under review again; but we refer to that case for the authority upon which we base our judgment here.

Petition for a rehearing denied.