**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41248**

| | | |
|---|---|---|
| ARMANDO GARCIA, | ) | **2014 Unpublished Opinion No. 857** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: December 12, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Armando Garcia, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Armando Garcia appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

Underlying this post-conviction relief action is Garcia's guilty plea to felony trafficking in heroin and to another charge in a different case, under an Idaho Criminal Rule 11 plea agreement. For the trafficking charge, the district court sentenced Garcia to a unified sentence of thirty years with fifteen years determinate. Garcia filed a pro se petition for post-conviction relief accompanied by an affidavit, raising a claim that the State breached the plea agreement as it related to the trafficking charge and raising ineffective assistance of counsel claims. The district court subsequently appointed counsel for Garcia, and Garcia filed what he purported to be a second affidavit. The State moved for summary dismissal, and the district court held a

1

hearing on the State's motion for summary dismissal. Following the hearing, the district court entered a judgment summarily dismissing the petition; Garcia appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted

evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

In his petition for post-conviction relief, Garcia stated two grounds upon which he was seeking relief: breach of the plea agreement and ineffective assistance of counsel. Garcia specifically raised three ineffective assistance of counsel claims: (a) defense counsel lied to him about the plea agreement and had Garcia plead under false pretenses and manipulation;

(b) defense counsel failed to file a notice of appeal; and (c) defense counsel "[f]ailed to argue 5th Amend. violation, coercion to make statement, No notification of [*Miranda*[1]], and waiver."[2] Garcia's attached affidavit merely explained: that his attorney failed to file a notice of appeal after Garcia requested the attorney to do so; that a detective coerced his statements and his defense counsel "cooperated and participated"; and that Garcia would attempt to gain additional access to the record and exhibits and provide them to the court.[3] The purported second affidavit[4] listed nine things for which Garcia asserted that defense counsel failed to investigate or did not adequately investigate. Following the submission of the purported second affidavit, the State moved for summary dismissal.

After a hearing, the district court granted the State's motion for summary dismissal and entered a memorandum decision addressing the claims raised by Garcia. As for the breach of

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Garcia's third ineffective assistance of counsel claim, in effect, argues that counsel failed to file a motion to suppress statements that were made involuntarily or in violation of *Miranda*.

[3] Garcia's initial affidavit states in its entirety:
> 1) That the grounds and facts of Ineffective Assistance of counsel stated are of my personal knowledge.
> 2) That my attorney failed to file a Notice of Appeal after I requested he do so after the Rule 11 Breach.
> 3) That Detective C. Christansen coerced my statement with indirect threats of arrest of my sister in law, and threatened me with years of imprisonment if I did not cooperate, and my attorney cooperated and participated
> 4) That at this time I cannot gain access to the record and Exhibits but will attempt to get them through discovery or other means and than [sic] provide them.
> 5) That this stament [sic] is true and correct to the best of my knowledge.

[4] We note that the purported second affidavit was not properly sworn to before a notary public; the notary public merely provided a stamp and signature on the last page of the purported affidavit. An affidavit must be subscribed and sworn to before a notary, and the notary must provide a jurat in accordance with Idaho Code § 51-109(2). *See Houston v. Whittier*, 147 Idaho 900, 902, 216 P.3d 1272, 1274 (2009) ("The declaration lacked a jurat, which is necessary in order for it to constitute an affidavit."); *Evans v. Twin Falls Cnty.*, 118 Idaho 210, 218 n.9, 796 P.2d 87, 95 n.9 (1990) ("The 'affidavit' filed by Mr. Evans, while in partial affidavit form, is not subscribed and sworn to as an oath or affirmation, as required of an affidavit."). Therefore, the purported second affidavit is not an affidavit under the law.

plea agreement claim, the district court first noted that Garcia failed to set forth facts about how the State breached the plea agreement. But, the court determined that a supplemental memorandum--filed in Garcia's prior Rule 35 motion to reduce his sentence--alleged that he was supposed to be sentenced to a unified term of thirty years, with ten years determinate. Assuming that this was the argument that Garcia meant to raise in his petition, the district court found that the record in the criminal case conclusively disproved Garcia's claim.

Next, the district court turned to the ineffective assistance of counsel claims. As for Garcia's claim that defense counsel lied to him about the plea agreement and had him plead under false pretenses and manipulation, the district court, after noting that the allegation was not supported by facts, determined that the allegation was also contrary to the record of the proceedings. For Garcia's claim that defense counsel failed to file a notice of appeal, the district court found that Garcia had effectively waived his right to appeal. As to the last claim in the first affidavit concerning defense counsel's failure to file a motion to suppress, the district court determined that this argument was not supported by evidence and was contrary to the record in the criminal case. As for the ineffective assistance of counsel claims in the purported second affidavit, the district court determined that Garcia failed to support his conclusory allegations with admissible evidence. Thus, the district court summarily dismissed the petition.

On appeal, Garcia contends that the district abused its discretion by summarily dismissing his petition.[5] Turning to Garcia's breach of plea agreement claim, the claim is a bare assertion not supported by admissible evidence explaining how the plea agreement was breached. Thus, Garcia has not established as a matter of law how he is entitled to relief, and the State is entitled to judgment as a matter of law on this claim.

The State is also entitled to judgment as a matter of law on the ineffective assistance of counsel claims. For the failure to file an appeal claim, defense counsel did not provide

---

[5] To the extent that Garcia attempts to raise additional issues in his appellate brief that he did not raise in his post-conviction petition, we will not consider these issues on appeal. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). In addition, we will not address arguments that are raised for the first time in the reply brief, because "[a] reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).

ineffective assistance by failing to file a notice of appeal because: the plea agreement waived Garcia's right to appeal, there is no evidence that the plea agreement was breached, and the record conclusively demonstrates that Garcia's plea agreement was made knowingly, voluntarily, and intelligently.[6] *See State v. Allen*, 143 Idaho 267, 270, 141 P.3d 1136, 1139 (Ct. App. 2006) (explaining that unless the State has breached the plea agreement, "[a] defendant's waiver of the right to appeal as a term of a plea bargain is generally valid and enforceable."); *see also Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999) (discussing that in a plea agreement, waiver of constitutional rights "will be upheld if the entire record demonstrates the waiver was made voluntarily, knowingly and intelligently"). As to Garcia's claim that defense counsel failed to file a motion to suppress, this claim is not elucidated or supported by admissible evidence. Moreover, the record reveals that defense counsel *did* file a motion to suppress and that there was a hearing held on the motion at which Garcia and the detective testified. Indeed, the transcript of the hearing reveals that Garcia testified that he was threatened by a detective in a police interview and also reveals that a signed *Miranda* waiver was introduced along with testimony from the detective indicating that he did advise Garcia of his *Miranda* rights. Garcia's reference to "waiver" and that defense counsel "cooperated and participated" is not explained or supported by admissible evidence. For the remaining ineffective assistance of counsel claims, including the claims raised in the purported second affidavit, Garcia did not submit admissible evidence supporting (or explaining) his claims, which are merely conclusory allegations. *See Kelly*, 149 Idaho at 521, 236 P.3d at 1281. Accordingly, Garcia is not entitled to relief on his ineffective assistance of counsel claims, and the State is entitled to judgment as a matter of law.

In summary, Garcia's claims are clearly disproven by the record of the criminal proceedings, are not supported by evidence making a prima facie case as to each essential element of the claims, or do not justify relief as a matter of law. Therefore, the district court properly entered a judgment summarily dismissing Garcia's petition for post-conviction relief. Hence, the district court's judgment is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.

---

[6] In the transcript of the change of plea hearing, the court proceeds through the colloquy with Garcia and it is apparent that the plea was entered into knowingly and voluntarily. The transcript shows that Garcia was fully aware that the plea agreement did not limit his sentence to ten years as he now alleges.