**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41344**

| | | |
|---|---|---|
| OSCAR GOMEZ, | ) | 2015 Unpublished Opinion No. 454 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 6, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of the district court denying petition for post-conviction relief, <u>affirmed</u>.

Oscar Gomez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Oscar Gomez appeals from the judgment of the district court denying his petition for post-conviction relief following an evidentiary hearing. Underlying this post-conviction action, Gomez pled guilty to second degree murder, for which he was sentenced to a unified life sentence, with twenty-five years determinate; we affirmed his judgment of conviction, his sentence, and the denial of an Idaho Criminal Rule 35 motion in *State v. Gomez*, Docket No. 33929 (Ct. App. Nov. 15, 2007) (unpublished).

In 2008, Gomez filed a pro se petition for post-conviction relief, the subject of this appeal. That petition asserted that the State breached the plea agreement, that the trial court did not adequately consider that Gomez's methamphetamine use "was a key element to the case," and that defense counsel provided ineffective assistance by: (a) not asserting self-defense, (b) not moving to suppress Gomez's confession, and (c) not "attempt[ing] to mitigate [Gomez's]

1

sentence." Gomez also moved for the appointment of counsel, which the district court granted, and the State subsequently filed a motion for summary dismissal.

At a hearing on the motion for summary dismissal in 2011, Gomez's post-conviction counsel acknowledged the court's understanding of an agreement between the State and Gomez in which Gomez "abandoned all of the allegations except for [two]."[1] The two remaining allegations were that defense counsel provided ineffective assistance by not filing a motion to suppress and by not asserting self-defense. Following a hearing on the motion for summary dismissal, the district court dismissed the claim that defense counsel provided ineffective assistance by not asserting self-defense but denied the motion for summary dismissal as to the motion to suppress claim. After an evidentiary hearing, the district court denied the claim that defense counsel provided ineffective assistance by not filing a motion to suppress, and Gomez appeals.

On appeal, Gomez does not address the grounds upon which the district court summarily dismissed his claim of ineffective assistance of counsel relating to self-defense, nor does he address the grounds upon which the district court denied the claim that defense counsel provided ineffective assistance by not filing a motion to suppress. Rather, he argues that his guilty plea was coerced, that the prosecutor committed prosecutorial misconduct by breaching the plea agreement, and that defense counsel provided ineffective assistance by: (a) not memorializing the plea agreement in writing as an I.C.R. 11 plea agreement, (b) not objecting to the State's breach of the plea agreement, and (c) breaching the plea agreement. These claims were not raised below or were abandoned below (and therefore not adjudicated before the district court). Thus, we may not consider these issues on appeal. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (explaining that, generally, issues not raised below may not be considered for the first time on appeal). Accordingly, the judgment denying Gomez's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge LANSING **CONCUR**.

---

[1] Post-conviction counsel also explained that he "had a lengthy conversation with [Gomez] . . . about this. We went through line by line. And those are the two claims [Gomez is] wishing to go forward on."