IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 53291

| | |
|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) ) | Filed: January 30, 2026 |
| Petitioner-Respondent, ) ) | Melanie Gagnepain, Clerk |
| v. ) ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2025-38), ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent-Appellant. ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment and decree terminating parental rights, affirmed.

Erik D. Fredericksen, State Public Defender; Brigette Borup, Deputy Public Defender, Caldwell, for appellant.

Hon. Raúl R. Labrador, Attorney General; Christopher G. Sletvold, Deputy Attorney General, Caldwell, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment and decree terminating her parental rights to Jane Doe I (Child), arguing it was impossible for Doe to comply with the case plan. Doe also argues there was insufficient evidence to support the magistrate court's finding that Doe neglected Child and there was insufficient evidence that terminating Doe's parental rights is in the best interests of Child. We affirm the judgment terminating Doe's parental rights.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is Child's biological mother.[1] After Child's sibling was placed in the custody of the Idaho Department of Health and Welfare (Department), the Department placed Child with her maternal grandmother as part of an informal safety plan established by Doe and the Department.

_____

[1] Child's biological father's rights were also terminated but are not at issue in this appeal.

Soon thereafter, Doe removed Child from her maternal grandmother. The Department then filed a Child Protective Act (CPA) petition alleging Child was without proper parental care and control, or subsistence, medical or other care or control necessary for her well-being because of the conduct or omission of her parents, guardian, or other custodian or their neglect. Alternatively, the Department alleged Child was neglected, abused, abandoned, homeless, or lacked a stable home environment. Child was placed in foster care in Idaho. Following an adjudicatory hearing that Doe did not attend, the Department was granted legal custody of Child. A case plan hearing was held. After some amendments, the magistrate court ordered a case plan for Doe to complete to reunify with Child.

Doe left Idaho and the Department could not reach Doe for approximately one year, at which time Doe informed the Department she was living in California. Doe then moved from California to Washington. Ultimately, the Department moved to change the permanency goal from reunification to termination of Doe's parental rights. Following a trial, the magistrate court found that Doe neglected Child and terminating Doe's parental rights is in the best interests of Child. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

# III.

# ANALYSIS

On appeal, Doe asserts the magistrate court erred in finding she neglected Child pursuant to Idaho Code § 16-2002(3)(b) because compliance with the case plan was impossible. Doe also asserts the magistrate court erred in concluding that termination of her parental rights is in the best interests of Child. The Department argues the magistrate court did not err in any of its findings of fact or legal conclusions.

## A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code § 16-2002(3)(b) defines "neglect" as occurring when the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had

3

temporary or legal custody of the child for fifteen[2] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department.

Doe argues it was impossible for her to complete the case plan because the Department did not initiate contact with its counterpart in California or Washington to provide Doe with a courtesy worker and implement services in those states. A focus on what the Department did or did not do during the CPA case is not an impossibility defense, but rather, is a challenge to the Department's efforts regarding reunification during the CPA case disguised as an impossibility defense. "It is well-settled that the Department's efforts at reunification are not relevant to the magistrate court's termination decision under I.C. § 16-2005." *Matter of Doe I*, 166 Idaho 357, 361, 458 P.3d 226, 230 (Ct. App. 2020). Consequently, Doe's arguments regarding impossibility are irrelevant to the magistrate court's finding that there is a statutory basis upon which to terminate Doe's parental rights, and it is in Child's best interests to do so.

But even if relevant, Doe could have challenged the Department's efforts during the CPA case. *See* I.C. § 16-1625(1). In Doe's answer to the petition to terminate her parental rights, in one conclusory sentence, Doe asserted that compliance with her case plan was impossible. However, Doe did not raise that claim at any time during the subsequent trial or in her written closing argument following the trial. Instead, Doe's written closing argument focused solely on whether there was sufficient evidence to support a finding of neglect or that Doe was incapable of fulfilling her parental responsibilities. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Consequently, Doe has failed to preserve any challenge to what the Department did or did not do during the CPA case.

Even if preserved, Doe's claim fails on the merits. Impossibility is a defense to neglect for failure to comply with a case plan under I.C. § 16-2002(3)(b). *In re Doe*, 161 Idaho 596, 600, 389 P.3d 141, 145 (2016). However, if the parent is responsible, directly or indirectly, for the non-compliance with the requirements of a case plan, then the defense fails. *Id*. at 601-02, 389 P.3d at

---

[2]     At the time the Department filed the petition to terminate Doe's parental rights, the statutory timeframe under Idaho Code § 16-2002(3)(b) was fifteen out of the most recent twenty-two months. Subsequently, the statute was amended to twelve of the most recent twenty-two months.

4

146-47. Doe cites no authority that supports her argument that the Department was required to establish services for Doe in each of the states she moved to after she voluntarily left Idaho. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018).

Additionally, the Department informed Doe it would try to arrange a courtesy worker in California to verify Doe's housing, but Doe told the Department she was moving back to Idaho. Consequently, there was no need for the Department to verify the housing that Doe said she would no longer be living in. Although Doe claims she lived in the same location in Washington for approximately one year, Doe did not provide a copy of her lease to the Department so it could verify her housing in Washington. Doe also argues her compliance with her case plan tasks regarding visitation, parenting class, and drug testing was impossible because the Department did not facilitate those services in California or Washington. First, any challenges regarding in-person visitation were due entirely to Doe's decision to leave Idaho. Second, Doe was aware of the requirement for a Department-referred parenting class and Doe does not challenge the magistrate court's factual finding that the Department made the referral. Third, as to drug testing, Doe admitted she could have but did not engage in drug testing in Washington. Thus, Doe was responsible, directly or indirectly, for the failure to complete these tasks due to her decisions. As a result, Doe's impossibility defense fails.

Doe next argues there was insufficient evidence to establish neglect. We disagree. The magistrate court noted a case plan was entered to address the safety issues that caused Child to be placed in foster care. The magistrate court found Doe did not comply with the terms of her case plan or demonstrate the ability to safely parent Child. Ultimately, the magistrate court found Child was neglected pursuant to I.C. § 16-2002(b) and although Doe appeared to make some effort to engage in her case plan tasks, she did not follow through with providing the verification necessary to confirm she was making the progress needed to stabilize her life.

Doe's case plan required her to maintain and provide verification of safe and stable housing. The magistrate court concluded there was "considerable instability and uncertainty" around Doe's living situation throughout the case. Although Child was placed in foster care in Idaho, for the first year of the CPA case Doe was reportedly living in Texas and Mexico and had no contact with the Department. Thereafter, Doe lived in California with her grandmother, but

5

when the Department attempted to arrange a home visit by a courtesy worker in California, Doe informed the Department she was moving back to Idaho. Doe did not move back to Idaho, but instead moved to Washington where she resided up to and during the termination trial. Despite their efforts, the Department was unsuccessful in obtaining information about Doe's residence in Washington. The magistrate court's conclusion regarding Doe's failure to complete this case plan task is supported by substantial evidence.

Next, the case plan required Doe to maintain and provide verification of a legal and sustainable form of income and demonstrate she could financially provide for Child. The magistrate court found that although Doe reported employment, she did not provide verification of income. Doe argues that she met this goal while living in California. However, the caseworker testified that although Doe reported she had a job in California, the employer did not verify Doe's employment through a letter or ledger. While in Washington, Doe again provided no verification of employment; Doe provided only a list of self-reported resources and became upset when the caseworker attempted to verify those resources. The magistrate court's finding that Doe did not complete this case plan task is supported by substantial evidence.

The case plan also required Doe to obtain a mental health assessment and engage in mental health counseling. Although Doe obtained the assessment and engaged in some counseling, the magistrate court found Doe never demonstrated learned coping skills or mental health symptom management as required by her case plan. Doe did not demonstrate an ability to act promptly and appropriately in order to make needed decisions regarding Child's health, safety, and well-being, as required by the case plan. The magistrate court's finding regarding Doe's failure to complete this case plan task is supported by substantial evidence.

The case plan required Doe to obtain a substance abuse evaluation and follow the recommendations for treatment. In September 2023, Doe did not comply with an order for drug testing; thereafter, Doe voluntarily left Idaho. While in California, Doe obtained a substance abuse evaluation and attended treatment, although not consistently. Moreover, after completing treatment in California, Doe did not follow through with the weekly random drug testing. Once Doe moved to Washington, she did not sign a release of information for the Department to assist her in obtaining treatment or testing. Doe argued she could not obtain drug testing because the Department did not coordinate services; however, Doe also testified she could have been drug tested in Washington but did not. When Doe submitted to a court-ordered hair follicle drug test in

January 2025, the test results came back positive. The magistrate court's finding that Doe failed to comply with this provision of her case plan is supported by substantial evidence.

Doe's case plan required her to complete a Department-referred parenting class. The parenting class required proven sobriety as a condition of enrollment. The Department sent a referral for the parenting class, but Doe never registered for the class. The magistrate court found that while Doe completed an online parenting class, it was not a class approved by the Department, was only a twelve-hour program, and did not require Doe to prove her sobriety; thus, it fell short of the twelve-week, more substantive curriculum recommended by the Department. Doe claims she did not enroll in the Department-approved class because the referral was not sent in writing, and no one followed up to confirm she enrolled. However, the caseworker testified that a referral was sent and had Doe registered for the class, the Department would have paid for it. The magistrate court's finding regarding Doe's failure to complete this case plan task is supported by substantial evidence.

Finally, the case plan required Doe to participate in all visitation planning, including scheduling visits. The magistrate court noted Doe's visitation with Child was problematic because of Doe's move out of state. While the foster parents facilitated twice weekly video visits, Child's age made video visits difficult. Doe saw Child three or four times in person over the course of the case and interacted appropriately with Child, but Child did not know Doe. Despite Doe's claim that she moved to Washington to be closer to Child, Doe did not have any in-person visits with Child following her failed drug-test in January 2025. Consequently, the magistrate court's finding regarding Doe's failure to complete this case plan task is supported by substantial evidence.

Substantial and competent evidence supports the magistrate court's finding that Doe neglected Child. To the extent there was conflicting testimony, this Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). As a result, the magistrate court did not err in concluding Doe neglected Child.

## B.     Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State*, *Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When

determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe raises several arguments but fails to support her arguments with citation to the record in compliance with Idaho Appellate Rule 35. This Court will not search the record on appeal for error. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). But even if reviewed on the merits, her arguments fail. The magistrate court held that Child had resided with her foster family for two years, had formed a bond with the family, and the family was the permanent placement for Child. The magistrate court found that Child was safe and stable and deserved the consistency and support Doe was not able to provide. Clear and convincing evidence supports the magistrate court's finding that termination is in Child's best interests.

## IV.

## CONCLUSION

The magistrate court did not err in concluding Doe neglected Child and it is in Child's best interests to terminate Doe's parental rights. Doe's claim of impossibility, where it rests solely on the efforts of the Department during the CPA case, is not properly raised in a termination proceeding. The judgment of the magistrate court terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge LORELLO, **CONCUR**.